UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATHENA SECURITY, LLP,<br><br>        Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant. | Case No. 2:25-cv-01201<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST**

**CISCO SYSTEMS, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Athena Security, LLP ("Plaintiff" or "Athena") makes the following allegations against Defendant Cisco Systems, Inc. ("Defendant" or "Cisco"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of United States Patent Nos. 7,698,744, 7,969,880, and 10,015,791 (collectively, the "Asserted Patents"). Athena owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Athena Security, LLP is a limited liability partnership organized and existing under the laws of the State of Nevada, with a registered address at 1468 James Rd., Gardnerville, NV 89460.

3. Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco has as its registered agent for service: Corporation Service Company dba

CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701. Cisco has been registered to do business in the state of Texas under Texas SOS file number 8243306.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue as to Cisco is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Cisco resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7. For example, Cisco has regular and established places of business in the Eastern District of Texas, including at 2250 and 2300 East President George Bush Turnpike, Richardson, Texas 75082.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,698,744

8. Athena realleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

9. Athena owns all rights, title, and interest in U.S. Patent No. 7,698,744, titled "Secure system for allowing the execution of authorized computer program code," issued on April 13, 2010 (the "'744 Patent"). A true and correct copy of the '744 Patent is attached as Exhibit 1.

10. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Cisco Secure Endpoint (formerly AMP for Endpoints), Cisco Talos File Reputation, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '744 Patent.

11. The infringement of the '744 Patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '744 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12. Defendant also knowingly and intentionally induces infringement of claims of the '744 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '744 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '744 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '744 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '744 Patent, thereby specifically intending for and inducing its customers to infringe the '744 Patent through its customers' normal and customary

use of the Accused Products.

13. The Accused Products satisfy all claim limitations of claims of the '744 Patent. A claim chart comparing independent claim 37 of the '744 Patent to a representative Accused Instrumentality is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and are liable for infringement of the '744 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Defendant's infringement of the '744 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,969,880

16. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Athena owns all rights, title, and interest in U.S. Patent No. 7,969,880, titled "Device and method for relaying packets," issued on June 28, 2011 (the "'880 Patent"). A true and correct copy of the '880 Patent is attached as Exhibit 3.

18. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, e.g., Cisco Products, including, without limitation, Cisco network switches such as the Cisco Nexus 9000 Series, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '880 Patent.

19. The infringement of the '880 Patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '880 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

20. Defendant also knowingly and intentionally induces infringement of claims of the '880 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '880 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '880 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '880 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '880 Patent, thereby specifically intending for and inducing its customers to infringe the '880 Patent through its customers' normal and customary use of the Accused Products.

21. The Accused Products satisfy all claim limitations of claims of the '880 Patent. A claim chart comparing independent claim 1 of the '880 Patent to a representative Accused Instrumentality is attached as Exhibit 4.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and are liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

23. As a result of Defendant's infringement of the '880 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,015,791

24. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Athena owns all rights, title, and interest in U.S. Patent No. 10,015,791, titled "Wireless radio access point configuration," issued on July 3, 2018 (the "'791 Patent"). A true and correct copy of the '791 Patent is attached as Exhibit 5.

26. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, e.g., Cisco Products, including, without limitation, Cisco access points such as the Cisco Catalyst 9100 Access Points, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '791 Patent.

27. The infringement of the '791 Patent is also attributable to Defendant. Defendant (and/or users of the Accused Products) directs and controls use of the Accused Products to perform acts that result in infringement the '791 Patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

28. Defendant also knowingly and intentionally induces infringement of claims of the '880 Patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of the '791 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed. Despite this knowledge of the '791 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction

materials on its website) to use the Accused Products in ways that directly infringe the '791 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '791 Patent, thereby specifically intending for and inducing its customers to infringe the '791 Patent through its customers' normal and customary use of the Accused Products.

29. The Accused Products satisfy all claim limitations of claims of the '791 Patent. A claim chart comparing independent claim 1 of the '791 Patent to a representative Accused Instrumentality is attached as Exhibit 6.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Athena and are liable for infringement of the '791 Patent pursuant to 35 U.S.C. § 271.

31. As a result of Defendant's infringement of the '791 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Athena respectfully requests that this Court enter:

a. A judgment in favor of Athena that Defendant has infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

c. A judgment and order requiring Defendant to pay Athena its damages, costs,

        expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

    d.    A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Athena, including without limitation, pre-judgment and post-judgment interest;

    e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Athena its reasonable attorneys' fees against Defendant; and

    f.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Athena, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 9, 2025                              Respectfully submitted,

                                                              */s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Adam S. Hoffman (CA SBN 218740)
ahoffman@raklaw.com
James Tsuei (CA SBN 285530)
jtseui@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

**Attorneys for Plaintiff Athena Security, LLP**